# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 98cr3262-IEG |
|---|---|
| Plaintiff, | (Related Case No. 10cv250-IEG) |
| vs. | Order Denying Petition to Vacate or Dismiss Charges; Denying Certificate of Appealability |
| JOSE VALDOVINOS RAMIREZ, | |
| Defendant. | |

Defendant Jose Valdovinos Ramirez has filed a petition to vacate or dismiss charges due to unlawful error and/or mistake. Defendant argues his November 30, 1999 guilty plea, and 188 month sentence which the Court imposed on November 15, 2000, are invalid because he is a "sovereign" not a "individual" subject to the criminal laws of the United States.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Cases, "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion ...." Despite defendants' argument that he is a "sovereign" not subject to the laws of the United States, district courts have jurisdiction to prosecute all those who commit offenses against the laws of the United States. 18 U.S.C. § 3231. Defendant cites to no authority supporting his claim that he is a sovereign, immune from liability for violating the laws of the United States.

1  Because it is plain on the face of Defendant's motion that he is not entitled to relief,[1] the Court *sua sponte* DENIES his petition to vacate or dismiss charges and DENIES a certificate of appealability. The Clerk is directed to close this case.

**IT IS SO ORDERED**.

**DATED:  February 9, 2010**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[1] The Court also notes the current motion, filed more than 9 years after defendant was sentenced, and more than 7 years after his direct appeal was denied, is likely time-barred. 28 U.S.C. § 2255(f) (any motion for relief under § 2255 must be brought within one year after the judgment of conviction becomes final).  The Court may not, however, dismiss a motion under § 2255 based on the statute of limitations without giving defendant notice and an opportunity to respond.  Herbst v. Cook, 260 F.3d 1039, 1044 (9th Cir. 2001) (habeas petitioner entitled to notice and opportunity to respond before court *sua sponte* dismisses petition based upon failure to comply with AEDPA's one-year statute of limitations); United States v. Garcia, 210 F.3d 1058, 1060 (9th Cir. 2000) (statute of limitations for § 2254 and § 2255 motions should be treated similarly).